Matthew G. Monforton  (Montana Bar # 5245)
Monforton Law Offices, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone:  (406) 570-2949
Facsimile:  (406) 551-6919
E-mail:    matthewmonforton@yahoo.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**HELENA DIVISION**

| | |
|---|---|
| RAVALLI COUNTY REPUBLICAN CENTRAL COMMITTEE, GALLATIN COUNTY REPUBLICAN CENTRAL COMMITTEE, SANDERS COUNTY REPUBLICAN CENTRAL COMMITTEE, DAWSON COUNTY REPUBLICAN CENTRAL COMMITTEE, STILLWATER COUNTY REPUBLICAN CENTRAL COMMITTEE; RICHLAND COUNTY REPUBLICAN CENTRAL COMMITTEE; CARBON COUNTY REPUBLICAN CENTRAL COMMITTEE; FLATHEAD COUNTY REPUBLICAN CENTRAL COMMITTEE; MADISON COUNTY REPUBLICAN CENTRAL COMMITTEE; BIG HORN COUNTY REPUBLICAN CENTRAL COMMITTEE; <br><br>           Plaintiffs,<br>     v.<br><br>LINDA McCULLOCH, *et al*.,<br><br>           Defendants. | Case No. CV 14-0058-H-BMM<br><br>**SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF** |

## PRELIMINARY STATEMENT

1.  The Plaintiffs in this matter, ten county central committees for the Republican Party, seek a declaration that Montana's "open" primary law is unconstitutional as applied to Republican Party primary elections held within their counties. The Committees also seek to enjoin Montana's Secretary of State as well as the election administrators in their counties from distributing Republican primary election ballots to non-Republican voters in their counties for all future primaries.

2.  The First and Fourteenth Amendments to the United States Constitution guarantee the right of the Committees and their members to associate in a political party and act together within that political party to select party nominees for public office as well as internal party leadership positions. The Constitution also protects the right of the Committees and their members to limit participation in the selection of (1) Republican nominees for public office and (2) leaders of the Committees themselves.

3.  Montana's open primary law unconstitutionally permits Democrats and other non-Republican voters to select Republican nominees for public office as well as Republican precinct committeemen who serve as the Committees' internal leaders.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, 42 U.S.C. § 1983, and the First and Fourteenth Amendments to the United States Constitution.

5. Venue for this action properly lies in the Helena Division of the District of Montana because Defendant Linda McCulloch resides within the Helena Division.

## PARTIES

6. Plaintiff Ravalli County Republican Central Committee is the county-level organization of the Republican Party in Ravalli County, Montana.

7. Plaintiff Gallatin County Republican Central Committee is the county-level organization of the Republican Party in Gallatin County, Montana.

8. Plaintiff Sanders County Republican Central Committee is the county-level organization of the Republican Party in Sanders County, Montana.

9. Plaintiff Dawson County Republican Central Committee is the county-level organization of the Republican Party in Dawson County, Montana.

10. Plaintiff Stillwater County Republican Central Committee is the county-level organization of the Republican Party in Stillwater County, Montana.

11.   Plaintiff Richland County Republican Central Committee is the county-level organization of the Republican Party in Richland County, Montana.

12.   Plaintiff Carbon County Republican Central Committee is the county-level organization of the Republican Party in Carbon County, Montana.

13.   Plaintiff Flathead County Republican Central Committee is the county-level organization of the Republican Party in Flathead County, Montana.

14.   Plaintiff Madison County Republican Central Committee is the county-level organization of the Republican Party in Madison County, Montana.

15.   Plaintiff Big Horn County Republican Central Committee is the county-level organization of the Republican Party in Big Horn County, Montana.

16.   Defendant Linda McCulloch is Montana's Secretary of State. Plaintiffs are informed, believe, and thereon allege that Defendant McCulloch resides in Lewis and Clark County, Montana.

17.   Defendant Regina Plettenberg is the Election Administrator for Ravalli County.  Plaintiffs are informed, believe, and thereon allege that Defendant Plettenberg resides in Ravalli County, Montana.

18.   Defendant Charlotte Mills is the Election Administrator for Gallatin County.  Plaintiffs are informed, believe, and thereon allege that Defendant Mills resides in Gallatin County, Montana.

19. Defendant Bobbi Christenson is the Election Administrator for Sanders County. Plaintiffs are informed, believe, and thereon allege that Defendant Christenson resides in Sanders County, Montana.

20. Defendant Shirley Kreiman is the Election Administrator for Dawson County. Plaintiffs are informed, believe, and thereon allege that Defendant Kreiman resides in Dawson County, Montana.

21. Defendant Pauline Mishler is the Election Administrator for Stillwater County. Plaintiffs are informed, believe, and thereon allege that Defendant Mishler resides in Stillwater County, Montana.

22. Defendant Stephanie Verhasselt is the Election Administrator for Richland County. Plaintiffs are informed, believe, and thereon allege that Defendant Verhasselt resides in Richland County, Montana.

23. Defendant Judy Christensen is the Election Administrator for Carbon County. Plaintiffs are informed, believe, and thereon allege that Defendant Christensen resides in Carbon County, Montana.

24. Defendant Paula Robinson is the Election Administrator for Flathead County. Plaintiffs are informed, believe, and thereon allege that Defendant Robinson resides in Flathead County, Montana.

25. Defendant Peggy Stemler is the Election Administrator for Madison County. Plaintiffs are informed, believe, and thereon allege that Defendant Stemler resides in Madison County, Montana.

26. Defendant Kimberly Yarlott is the Election Administrator for Big Horn County. Plaintiffs are informed, believe, and thereon allege that Defendant Yarlott resides in Big Horn County, Montana.

27. The Defendants are sued only in their official capacity.

I APPLICATION OF MONTANA'S OPEN PRIMARY LAW TO CANDIDATES FOR PUBLIC OFFICE

28. As Montana's Secretary of State, Defendant McCulloch is the chief election officer of the state and is responsible to "obtain and maintain uniformity in the application, operation, and interpretation of the election laws" at issue in this matter. § 13-1-201, MCA.

29. Pursuant to Montana law, she and county election administrators oversee and administer all primary elections in Montana, which are held in every even-numbered year on the first Tuesday after the first Monday in June. §§ 13-1-104(1)(a); 13-1-107(1), MCA.

30. Montana law requires the two major political parties to use the state's primary system to nominate their candidates for public office. § 13-10-601(1), MCA.

31. Defendants prepare primary election ballots for each qualifying political party. § 13-10-209(1)(a), MCA.

32. For a political party's ballot, the name of the political party appears at the top of the ballot and the names of the party's candidates for public office appear on the ballot as well. *Id.*

33. Defendants are responsible for providing the primary election ballots of both parties to voters during each primary election. § 13-10-209(7), MCA § 13-12-212, MCA.

34. Each voter casts votes on one of the party ballots and disposes of the other ballot. § 13-10-301(2), MCA.

35. These rules enable every voter to choose the party primary in which to participate and thereby establish what is commonly referred to as an "open" primary system.[1]

---

[1] See *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 445 n.1 (2008).

## II   APPLICATION OF MONTANA'S OPEN PRIMARY LAW TO ELECTIONS FOR PARTY PRECINCT COMMITTEEMEN

36.   When Montanans select a party ballot in a primary election, they vote not only for the party's nominees for public offices, but also for the party's precinct committeemen.  § 13-38-202(1), MCA.

37.   A party's precinct committeemen must be elected during primary elections and serve two-year terms.  §§ 13-38-201(1), MCA; 13-38-202(4), MCA.

38.   The names of candidates for a party's precinct committeemen must appear on the party ballot in the same manner as candidates for public office and are voted for in the same manner as other candidates.  § 13-38-201(3), MCA.

39.   A party's county central committee is constituted by the party's precinct committeemen residing within that county.  § 13-38-202(2), MCA.

40.   Each county central committee has authority to, *inter alia*:

- make rules for the government of the political party in each county, § 13-38-203(1)(a), MCA;

- elect two members of the party's state central committee, § 13-38-203(1)(b), MCA;

- fill vacancies caused by a death or withdrawal, occurring after the primary and before the general election, of legislative or other candidates running in districts within the county, § 13-10-327(1)(b)(c);

- select three persons whenever a legislator from the same party as the central committee dies or resigns, one of whom must be appointed by the board of county commissioners to fill the vacancy, §§ 5-2-402 and 5-2-403.

8

41. During the primary elections in Ravalli County in June 2014, five of the Committee's 24 precinct committee seats were contested by multiple candidates.

42. Precinct committeemen elections in Sanders County have been divisive during the last several election cycles.

43. The current chair of the Sanders County Republican Central Committee, Kathleen French, was first elected in 2011.

44. Her election occurred amidst disputes over the eligibility of several precinct committeemen.

45. State party officials intervened to resolve the dispute and certified Ms. French as the chair in April 2011.

46. During the June 2012 primary election, multiple candidates filed for fifteen of the 20 precinct races for the Sanders County Republican Central Committee.

47. The races were contentious and fiercely contested, with two of them decided by a single vote.

48. The following spring, Ms. French ran for reelection as Committee chair.

49. The Committee deadlocked on a 9-9 vote, resulting in a coin toss that Ms. French won.

50. During the June 2014 primary election, nine of the 18 precinct races for the Committee were contested by multiple candidates.[2]

III STATE PARTY BYLAW AMENDMENTS REGARDING CLOSED PRIMARIES

51. At the Republican Party's state convention in June 2014, convention delegates voted, almost unanimously, to add the following plank to the Party's platform:

> The members of the Montana Republican Party have the right to freely associate as guaranteed by the US and Montana constitutions. Therefore it is the position of the Montana Republican Party that the voters that select candidates to appear on the general election ballot should be limited to members of the Republican Party who have registered themselves as members of the party if a primary election process is used, or by state or local conventions of the party if a primary election system is not used.

---

[2] The battles for control of the Sanders County Republican Central Committee have been the subject of several reports in the press. See, *e.g.*, http://missoulian.com/news/local/state-gop-waiting-to-certify-sanders-county-republican-committee-officers/article_444791d6-64b1-11e0-a599-001cc4c03286.html; http://ravallirepublic.com/news/state-and-regional/article_00fbadf5-e353-5037-908e-4f5462c71101.html

52. The Party's state central committee convened at that time and unanimously approved the following amendment to the Party's bylaws:

> The state Republican Party of Montana supports a closed primary voting system in Montana. This is because the Party asserts that the State of Montana's use of an open primary system to determine the Party's nominees for the general election violates the Party's first Amendment rights to associate as the present voting system allows substantial numbers of voters associate with other political parties to cross over to, to participate in, and impact the outcome of the selection of this Party's nominees. Montana law does not presently require a Montana voter to declare a party affiliation to register or vote in primary or general elections. In the event that Montana law is changed to allow for closed primary elections to be held in the State, the following closed Republican Party Primary Rule will immediately to into effect and be controlling: "Only persons who have registered as a Republican prior to the Primary Election will be allowed to vote on a Montana Republican party ballot in that Primary Election."

## IV  EFFECTS OF MONTANA'S OPEN PRIMARY LAW UPON THE REPUBLICAN PARTY

53. No mechanism is provided under Montana law for the Committees to exercise their right to limit participation in their nomination process and precinct committeemen selection process and, therefore, the Committees cannot protect their members from forced vote dilution and party raiding by Democrats and other non-Republicans.

54. As a result, many Democrats and independent voters cross-over to participate in and raid the Republican Party's primary elections throughout Montana.

55. On average, 20 to 30 percent of voters participating in the Republican Party's primaries are Democrats or other non-Republican voters.

56. Many of these cross-over voters are openly antagonistic to the ideology and principles of the Republican Party.

57. Although the Montana Republican Party has adopted a closed primary rule in its platform and bylaws, neither the state party nor the Committees can implement this rule because of the state statutes described above.

58. Montana's continued application of its open primary law will unconstitutionally infringe upon the right of the Committees, Republican party members, supporters, and voters to freely associate with respect to (1) the nomination of Republican candidates for public office and (2) the selection of the Committees' internal leadership.

59. This will result not only in the selection of different candidates than would otherwise be selected, but also in the alteration of the Committees' message.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION - 42 U.S.C. § 1983
Montana's Open Primary Law Severely Burdens the Committees' First Amendment Right of Association By Enabling Non-Republicans to Select the Committees' Nominees for Public Office

60. All previous paragraphs are incorporated by reference.

61. Montana law forces the Republican Party to have its nominees for public office selected by the state's open primary system.

62. Montana's open primary system permits all voters to select Republican primary election ballots during each primary election.

63. Many of the non-Republican voters who participate in Republican primaries are openly antagonistic to the ideology and principles of the Republican Party.

64. The continued participation of non-Republican voters in Republican primary elections will result not only in the selection of different candidates than would otherwise have been selected, but also in the alteration of the Party's message.

65. Montana's open primary law therefore severely burdens the Committees' First Amendment right of association. *California Democratic Party v. Jones*, 530 U.S. 567, 577 (2000); *Miller v. Brown*, 503 F.3d 360, 368 (4th Cir. 2007); *Idaho Republican Party v. Ysursa*, 765 F.Supp.2d 1266, 1276 (D. Idaho 2011).

66. Application of Montana's open primary law to the election of Republican nominees for public office serves no compelling state interest.

67. The law is therefore unconstitutional as applied to Republican primary elections in Ravalli, Gallatin, Sanders, Dawson, Stillwater, Richland, Carbon, Flathead, Madison, and Big Horn Counties.

**SECOND CAUSE OF ACTION - 42 U.S.C. § 1983**
Montana's Open Primary Law Violates the Committees' First Amendment Right of Association By Enabling Non-Republicans to Select the Committees' Internal Leadership

68. All previous paragraphs are incorporated by reference.

69. Montana law forces the Republican Party's precinct committeemen to be elected in the state's open primary system.

70. This system enables all voters -- including non-Republicans who are openly antagonistic to the ideology and principles of the Republican Party -- to select the internal leadership of the Republican Party.

71. The application of Montana's open primary law to the selection of Republican precinct committeemen for the Committees violates the Committees' First Amendment right of association. *Eu v. San Francisco Democratic Central Committee,* 489 U.S. 214, 230-31 (1989); *Arizona Libertarian Party v. Bayless,* 351 F.3d 1277, 1280-81 (9th Cir. 2003).

72. Application of Montana's open primary law to Republican precinct committeemen elections serves no compelling state interest.

73. The law is therefore unconstitutional as applied to Republican primary elections in Ravalli, Gallatin, Sanders, Dawson, Stillwater, Richland, Carbon, Flathead, Madison, and Big Horn Counties.

## PRAYER FOR RELIEF

WHEREFORE, the Committees pray for the following relief:

a) A declaration that Montana's open primary law is unconstitutional as applied to Republican primary elections in Ravalli, Gallatin, Sanders, Dawson, Stillwater, Richland, Carbon, Flathead, Madison, and Big Horn Counties

b) An injunction prohibiting Defendants from applying Montana's open primary law in Ravalli, Gallatin, Sanders, Dawson, Stillwater, Richland, Carbon, Flathead, Madison, and Big Horn Counties and distributing Republican party ballots to non-Republican voters in those counties;

c) An award to the Committees of nominal damages against Defendants;

d) An award to the Committees of their costs of litigation, including reasonable attorneys fees and expenses, pursuant to 42 U.S.C. § 1988; and

e) All other relief that this Court deems necessary and proper.

DATED: January 2, 2015        Respectfully submitted,

                                              /s/ Matthew G. Monforton
                                              Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY this 2nd day of January, 2015, that a copy of the foregoing will be delivered this day via the Court's ECF system to the following:

TIMOTHY C. FOX Montana Attorney General
J. STUART SEGREST
PATRICK M. RISKEN
Assistant Attorneys General
JON BENNION
Deputy Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
ssegrest@mt.gov
prisken@mt.gov
jonbennion@mt.gov


DATED: January 2, 2015          Respectfully submitted,

                                        /s/ Matthew G. Monforton
                                        Matthew G. Monforton
                                        Attorney for Plaintiffs