IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RAVALLI COUNTY REPUBLICAN CENTRAL COMMITTEE, GALLATIN COUNTY REPUBLICAN CENTRAL COMMITTEE, SANDERS COUNTY REPUBLICAN CENTRAL COMMITTEE, DAWSON COUNTY REPUBLICAN CENTRAL COMMITTEE, STILLWATER COUNTY REPUBLICAN CENTRAL COMMITTEE,<br>　　　　Plaintiffs,<br><br>vs.<br><br>LINDA McCULLOCH, in her official capacity as Montana's Secretary of State; REGINA PLETTENBERG, in her official capacity as the Election Administrator of Ravalli County, CHARLOTTE MILLS, in her official capacity as the Election Administrator of Gallatin County, BOBBI CHRISTENSON, in her official capacity as the Election Administrator of Sanders County, SHIRLEY KREIMAN, in her official capacity as the Election Administrator of Dawson County, PAULINE MISHLER, in her official capacity as the Election Administrator of Stillwater County,<br>　　　　Defendants. | CV-14-58-H-BMM<br><br>**ORDER** |

Plaintiffs have moved this Court to grant partial summary judgment, or, alternatively, a preliminary injunction. Plaintiffs seek summary judgment on Plaintiffs' second cause of action in which they allege that Montana's open primary system permits non-Republicans to select a county Republican central committee's "internal leadership" by selecting "Republican precinct committeemen." Doc. 22 at 12.

**SUMMARY JUDGMENT**

A party is entitled to summary judgment if it can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court will grant summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Only disputes over facts that might affect the outcome of the lawsuit will preclude entry of summary judgment. Factual disputes that are irrelevant or unnecessary to the outcome are not considered. *Anderson*, 477 U.S. at 247-48.

Plaintiffs challenge Montana Code Annotated Section 13-38-201(3), which requires the County Republican Central Committees to select their leadership as part of the Republican primary election. Plaintiffs argue that this law, in conjunction with Montana's open primary law, allows non-Republicans to select the internal leadership of the County Republican Central Committees.

Defendants contend that a genuine dispute as to a material fact exists that precludes the entry of summary judgment at this stage. Plaintiffs allege that non-Republicans are voting for Republican precinct committeemen. Defendants argue that Plaintiffs have failed to demonstrate that any non-Republicans actually have voted for Republican precinct committeemen.

Plaintiffs argue that *Arizona Libertarian Party, Inc. v. Bayless*, 351 F.3d 1277 (9th Cir. 2003), represents binding authority that compels the entry of summary judgment here. *Bayless* references no evidence in the record that non-Libertarians had voted in the Libertarian primary. *Bayless* also fails to discuss any evidence in the record that these non-Libertarian voters had impacted the electoral results of the Libertarian primary. The court noted instead the important leadership role played by precinct committeemen. The court recognized that precinct committeemen "choose replacement candidates for candidates who die or resign before an election . . . and collectively constitute the state party committee." *Bayless*, 351 F.3d at 1281.

The *Bayless* court cited *Eu v. San Francisco Cnty. Democratic Cent. Comm.*, 489 U.S. 214 (1989). The court noted that in *Eu*, the Supreme Court struck down restrictions on "how parties should be organized and how they select their leaders" as an unconstitutional burden on "political parties' freedom of association." *Bayless*, 351 F.3d at 1281. The restraints in *Eu* included the organization and

composition of the committees' governing bodies, term limits for the office of state central committee chair for all political parties, and a requirement that state central committee chairs rotate between residents of northern and southern California. The Supreme Court "recognized the strength of a party's interest in selecting its own leaders," and noted that internal leadership play an important role in "shaping the party's message." *Bayless*, 351 F.3d at 1281.

Plaintiffs argue that *Bayless* did not require evidence that non-Libertarians actually had voted for precinct committeemen. Plaintiffs argue that their claim requires no evidence that non-Republicans have voted for precinct committeemen. Under Arizona law, however, voters registered with party affiliation. The law at issue in *Bayless* permitted registered members of other parties to vote in the Libertarian primary. In Montana, in contrast, voters do not register with a party affiliation. The law at issue here does not specifically permit registered members of other parties to vote for the Republican precinct committeemen.

Plaintiffs have not articulated how to determine whether a Montana voter qualifies as a "Republican." Defendants suggest that a voter becomes a "Republican" when that voter selects the Republican primary ballot. Plaintiffs dismiss as too fleeting the mere action of voting a primary ballot to form a party membership. Plaintiffs offer no alternative method, however, to identify a "Republican."

Plaintiffs next argue that *Washington State Republican Party v. Washington State Grange*, 2011 WL 92032 (W.D. Wash. Jan. 11, 2011) aff'd, 676 F.3d 784 (9th Cir. 2012), supports summary judgment for Plaintiffs. Each voter received the same ballot during primary elections in Washington. Candidates self-identified themselves on the ballot as affiliating with a certain party. Whichever two candidates received the most votes during the primary proceeded to the general election, even if both candidates identified themselves as having affiliated with the same party. *Washington State Grange*, *1. The primary ballot also included candidates for precinct committeemen. The primary ballot warned voters to vote for precinct committeemen only if the voter considered himself a member of that party. *Washington State Grange*, *9.

The district court considered both *Eu* and *Bayless*. The court agreed with plaintiffs that Washington's system, which provided all voters with the same primary ballot, allowed non-members to vote for precinct committeemen. The court considered whether the disclaimer that voters should only vote for precinct committeemen if the voter considered himself a member of that party proved sufficient to ensure that only party members voted for precinct committeemen. The court determined that this disclaimer fell short. The court concluded that Washington's primary system therefore violated the parties' constitutional rights to political association. *Washington State Grange*, *9-11. Plaintiffs appealed several

issues in the case, but defendants did not cross-appeal the district court's determination that the primary system was unconstitutional for precinct committeemen. *Washington State Republican Party v. Washington State Grange*, 676 F.3d 784, 791 (9th Cir. 2012).

*Washington State Grange*, like *Bayless*, does not address directly the facts of this case. All voters received the same primary ballot in Washington. A voter must select just one primary ballot in Montana. The act of selecting the Republican primary ballot, and foregoing the opportunity to vote for candidates on the Democratic primary ballot, or any other party's primary ballot, may be sufficient to make a voter a "Republican."

This Court acknowledges that the short analysis in *Bayless* suggests that any state regulation of internal party leadership represents a severe burden. This Court hesitates to extend *Bayless* to the circumstances in Montana, however, where voters do not register with a party affiliation. The record contains no evidence at this point that non-Republicans can or actually have voted for Republican precinct committeemen.

The Court agrees with Defendants that a genuine dispute as to a material fact exists that precludes the entry of summary judgment at this stage. Whether non-Republicans can vote, or actually have voted, for Republican precinct committeemen remains an essential question to determine whether Defendants

have imposed any burden on Plaintiffs. Further, this fact will help this Court determine what level of burden, if any, Defendants have imposed on Plaintiffs.

**PRELIMINARY INJUNCTION**

A plaintiff seeking a preliminary injunction must satisfy four requirements. The plaintiff first must establish that the Plaintiff is likely to succeed on the merits. Second, the plaintiff must establish that the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief. Third, the plaintiff must establish that the balance of equities tip in the plaintiff's favor. Fourth, the plaintiff must establish that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiffs have not yet established that they are likely to succeed on the merits. As discussed above, factual questions exist regarding whether any non-Republicans have voted or can vote for Republican precinct committeemen. Montana voters do not register to vote with a party affiliation. Defendants suggest that a voter becomes a Republican when the voter decides to vote on the Republican primary ballot. Plaintiffs cannot succeed on the merits of their second cause of action without demonstrating that non-Republicans can vote for Republican precinct committeemen.

Plaintiffs also have failed to demonstrate that a preliminary injunction is necessary to prevent irreparable harm. The next primary election in which non-

Republicans could vote for Republican precinct committeemen will not take place until June 2016. Plaintiffs contend that this Court should grant a preliminary injunction now to allow the Montana legislature to consider new legislation to address this alleged defect in Montana's open primary law. The Montana legislature will meet in January 2015 and then will not meet again until January 2017. This consideration does not demonstrate any impending irreparable harm to Plaintiffs.

**ORDER**

The Court **DENIES** Plaintiffs' Motion for Partial Summary Judgment Or, Alternatively, For A Preliminary Injunction. (Doc. 3).

DATED this 8th day of January, 2015.

_Brian Morris_
Brian Morris
United States District Court Judge