TIMOTHY C. FOX
Montana Attorney General
J. STUART SEGREST
PATRICK M. RISKEN
Assistant Attorneys General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
ssegrest@mt.gov; prisken@mt.gov
Phone: (406) 444-2026, Fax: (406) 444-3549

COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| RAVALLI COUNTY REPUBLICAN CENTRAL COMMITTEE, *et al.*, | Case No. 6:14-cv-00058-BMM |
|---|---|
| Plaintiffs, | **RESPONSE TO PLAINTIFFS' [SECOND] MOTION FOR PRELIMINARY INJUNCTION (DOC. 71)** |
| v. | |
| LINDA McCULLOCH, in her official capacity as Montana's Secretary of State, *et al.*, | |
| Defendants. | |

Plaintiffs have again filed a motion for a preliminary injunction. As with their previous motion, this version should be denied because there is no imminent threat of injury and they have failed to show a likelihood of success on the merits. In any case, the parties are concurrently briefing this matter on summary judgment, and this Court's, and the parties', resources are better spent handling the issue in that forum.

**ARGUMENT**

Prior to being entitled to a preliminary injunction, Plaintiffs must show each of the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if injunctive relief is not granted, (3) the balance of equities tips in the plaintiff's favor, and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). Injunctive relief constitutes an "extraordinary remedy" that is never awarded as a matter of right. *Id.* at 22, 24. "A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *Textile Unlimited v. A.BMH.*, 240 F.3d 781, 786 (9th Cir. 2001) (emphasis added).

**I.  PLAINTIFFS ARE UNLIKELY TO SUCCEED ON THE MERITS.**

Defendants argue conclusively in our summary judgment brief that Plaintiffs have failed to demonstrate entitlement to judgment because they present no Montana-specific data to back up their assumptions. Doc. 89, part I. In fact, Defendants are entitled to judgment on the merits because a voter who votes the Republican ballot thereby affiliates with the Republican Party, at least for the limited purpose of the primary election. *Id.*, part II. Additionally, Montana's open primary is justified by the State's important regulatory interests, including

protecting voter's privacy, removing barriers to voting, and protecting against "raiding," which occurs more frequently in closed primaries than in open primaries. *Id.*, part IV. For this reason alone, this Court should deny the motion for a preliminary injunction.

## II. PLAINTIFFS CANNOT DEMONSTRATE IRREPARABLE HARM AS THE NEXT PRIMARY ELECTION IS NINE MONTHS OUT.

Plaintiffs' two-paragraph discussion of how they will suffer irreparable harm recycles verbatim their argument from their last preliminary injunction brief. Compare Doc. 71 at 26-27 to Doc. 4 at 12-13. And it fails for the same reason. As previously decided by this Court, "[t]he next primary election in which non-Republicans could vote for Republican [candidates] will not take place until June 2016." Doc. 40 at 7-8.

Plaintiffs solely rely on the general premise that the "loss of First Amendment freedoms . . . constitutes irreparable injury," *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009), but fail to recognize that their claim is focused not on speech in general, but on a specific event--the Republican primary election. The next primary election will not occur until June of 2016, some nine months from now. As such their alleged injury is different in kind from the hardship addressed in *Klein* (prohibition on placing leaflets on unoccupied vehicles parked on city streets), where "timing [was] of the essence" because each

day the law wasn't enjoined was delaying political speech. *Id.* An immediate injunction here, however, is unnecessary to protect Plaintiffs' asserted rights. *See Lydo Enters. v. Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A preliminary injunction is sought upon the theory that there is *an urgent need for speedy action to protect the plaintiff's rights.*") (emphasis added) (quotation and citation omitted).

Plaintiffs may additionally argue, as they did previously, that relief is needed now because courts generally resist changing election laws near an election. As argued below, we are currently briefing summary judgment and Plaintiffs' claims will therefore likely be adjudicated in "summary" fashion in any case, in the more appropriate forum of Rule 56. This addresses Plaintiffs' need for a decision prior to June 2016.

Plaintiffs may also argue that their rights are currently being infringed because candidates may already be running campaigns for the 2016 primary. This argument, if made, should not be considered because it was not made in Plaintiffs' initial brief. *California Writer's Club v. Sonders*, 2011 U.S. Dist. LEXIS 113699, 2011 WL 4595020, at *13 (N.D. Cal. Oct. 3, 2011) ("[I]t is well-established that arguments raised for the first time in a reply brief are not to be considered in deciding a motion.") (citing *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006)); *see also Friends of the Wild Swan v. Christiansen*, 955 F. Supp. 2d 1197,

1201 n.2 (D. Mont. 2013). Furthermore, Plaintiffs fail to point to any specific harm to a specific candidate. "A preliminary injunction is not justified when based mainly on speculation." *Lydo Enters.*, 745 F.2d at 1216 (reversing grant of preliminary injunction). In any case, as with the general "need for a decision prior to the election" argument, the matter can be dealt with on summary judgment.

Because Plaintiffs fail to demonstrate imminent injury, their motion should be denied.

### III. THE BALANCE OF EQUITIES, AND THE PUBLIC INTEREST, IS IN FAVOR OF MAINTAINING THE STATUS QUO.

The primary purpose of a preliminary injunction is to maintain "the status quo." *Textile Unlimited*, 240 F.3d at 786. In this case it is especially appropriate to maintain the status quo, i.e. an open primary system, because the open primary has been in place for over one-hundred years. As noted by Dr. Muste, Plaintiffs' argument that the schism within the Republican Party is due to the open primary rings hollow when the system hasn't changed for decades. Doc. 71-3 at 21 ("Given that Montana has used the open primary system for decades, it logically cannot now be causing the problems currently facing the Republican legislative caucus.").

Furthermore, the open primary protects the public's significant interest in maintaining the privacy of their political associations. *See* Doc. 89, part IV. The

open primary also protects against malicious "raiding," where a voter votes in a party's primary in order to cause harm to the party, which is less likely to occur in open primaries. *Id.* Finally, if this Court were to enjoin Montana's open primary system, the Montana Legislature would not have an opportunity to implement an alternative system until their next session, in the spring of 2017. *See* Doc. 25 at 10 (Plaintiffs admitting that if this Court declares the open primary unconstitutional, "the Montana Legislature can and should determine how best to modify the applicable statutes.") (citing *Washington State Grange v. Washington State Rep. Party*, 2011 WL 92032 at *11-12). The parties and voters would thus be left in limbo for the June 2016 primary.

For this reason also, this Court should not grant a preliminary injunction.

## IV. THIS COURT SHOULD ADDRESS PLAINTIFFS' CONCERNS VIA SUMMARY JUDGMENT.

Because summary judgment is being concurrently briefed by the parties, this Court should address Plaintiffs' concerns within the context of the summary judgment motions filed by the parties, thereby conserving judicial resources. *See, e.g., Surfrider Found. v. Dalton*, 989 F. Supp. 1309, 1330 (S.D. Cal. Jan. 13, 1998) (denying preliminary injunction as moot after granting summary judgment for defendants). This is especially prudent here, where the next primary election is still nine months out.

Respectfully submitted this 18th day of September, 2015.

> TIMOTHY C. FOX
> Montana Attorney General
> 215 North Sanders
> P.O. Box 201401
> Helena, MT 59620-1401
>
> By: */s/ J. Stuart Segrest*
>   J. STUART SEGREST
>   Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana by using cm/ecf system.

Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Dated: September 18, 2015    */s/ J. Stuart Segrest*
  J. Stuart Segrest
  Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(d)(2)(E), I certify this Response is 1,201 words, as calculated by Microsoft Word, excluding certificate of service and certificate of compliance.

  */s/ J. Stuart Segrest*
  J. Stuart Segrest
  Assistant Attorney General