IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RAVALLI COUNTY REPUBLICAN CENTRAL COMITEE, GALLATIN COUNTY REPUBLICAN CENTRAL COMMITTEE, SANDERS COUNTY REPUBLICAN CENTRAL COMMITTEE, DAWSON COUNTY REPUBLICAN CENTRAL COMMITTEE, STILLWATER COUNTY REPUBLICAN CENTRAL COMMITTEE,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>LINDA McCULLOCH, in her official capacity as Montana's Secretary of State, *et al.*,<br><br>　　　　Defendants. | CV-14-58-H-BMM<br><br>ORDER |

Plaintiffs have challenged Montana's open primary requirement as unconstitutional. (Doc. 1.) Plaintiffs argue that Montana's open primary inflicts First Amendment injuries upon them by forcing them to associate with non-Republican voters. Plaintiffs assert that Montana's system as applied to the Republican Party inflicts First Amendment injuries by preventing the Plaintiffs

1

from identifying their members, effecting election outcomes, and changing candidates campaign messaging.

Plaintiffs have submitted an expert report from Kyle Saunders, Ph.D and Steven Green, Ph.D (collectively the "Party Experts"). The reports evaluate "both empirical and anecdotal [evidence]" regarding Montana's open primary elections. Plaintiffs rely on this report to support their claim that crossover voting occurs in Montana, that the threat of crossover voting forces Republican candidates to change their campaign messaging, and that in some instances crossover voting has the potential to effect electoral outcomes. The Party Experts report that the Montana Education Association-Montana Federation of Teachers ("MEA-MFT") engages in a "concerted effort" to encourage "non-Republican identifying voters" to vote in state legislative Republican primaries. (Doc. 71-2 at 19-21.)

The State argues that the opinions of the Party Experts fail to meet the standard for admissibility set forth by Federal Rule of Evidence 702 and *Daubert v. Merrel Dow Pharm., Inc.*, 509 U.S. 589, 589 (1993). The State argues that Party Experts have failed to tie their theories to the facts of this case. The State's argument focuses on the reliability and the relevance of the Party Experts' opinions. The State has submitted its own expert report from Christopher P. Muste, an Associate Professor of Political Science at the University of Montana. Muste's report critiques the Party Expert's report. (Doc. 93-3.)

**A. Reliability**

A qualified expert may provide opinion testimony if the expert's scientific, technical, or otherwise specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. The testimony also must be based on sufficient facts or data, be the product of reliable principles and methods, and the expert must have applied reliably the principles and methods to the facts of the case. Fed. R. Evid. 702. The State argues that the Party Experts have failed to use reliable principles and methods to produce reliable data. The State contends that the Party Experts' unreliable methods have produced conclusions on Montana crossover voting that amount to mere "guesswork." (Doc. 86 at 6.)

The United State Supreme Court has set forth several factors for consideration to determine the reliability and admissibility of expert opinions. *Daubert v. Merrel Dow Pharm., Inc.*, 509 U.S. 579, 593-94 (1993). The factors do not constitute a "definitive checklist or test." *Id.* at 593. Courts should use the factors to determine whether an expert's analysis "falls within the range of accepted standards governing how scientists conduct their research and reach their conclusions." *Daubert II*, 43 F.3d 1311, 1317 (9th Cir. 1995). The factors include whether the theory can be tested, whether the theory has been subject to peer review and publication, an assessment of the known or potential rate of error, the

3

existence of standards controlling the technique's operation, and the "general acceptance" of the technique or theory within the scientific community. *Daubert*, 509 U.S. at 593-94. Courts possess broad discretion to decide what expert testimony should be admissible. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004).

The State argues that the Party Experts' opinions "are only inferences drawn from literature" rather than "collected data" or "independent statistical analysis" related to Montana elections. (Doc. 86 at 10.) The State argues that the Party Experts have failed to test the application of their theories to Montana voters. The Party Experts also appear to have relied on peer-reviewed studies based on other states data to calculate the percentage of crossover voters in open primary systems. The Party Experts opine that these figures can be applied to Montana's open primary system. The State points out that the Party Experts used no Montana specific statistical information in their calculations. The State argues that, without Montana specific data, Plaintiffs fail to tie the Party Experts' opinions to their claim.

Courts do not require experts to perform independent testing. "Trained experts commonly extrapolate from existing data." *Gen. Elec. Co. v. Joinder*, 522 U.S. 136, 146 (1997). The Party Experts have relied on published, peer reviewed studies, and the record developed in this case to perform analysis and to help form

4

their conclusions. The Party Experts have concluded that Republican candidates shift their messaging in open primary states to attract more centrist voters. The State has raised no challenge to the reliability of the studies of which the Party Experts based their conclusions.

Furthermore, no rule of admissibility requires an expert to verify all facts on which he relies. The factual basis of an expert opinion goes to the weight of the evidence rather than admissibility. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1017 fn. 14 (9th Cir. 2004) (citing *Chdilren's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 865 (8th Cir. 2004). The Party Experts have explained the methodology that they employed to apply crossover rates from other open primary states to Montana. The Court focuses on the Party Experts' methodology rather than any conclusions that the Party Experts allege that the methods may generate when determining admissibility. *Daubert*, 509 U.S. at 595. The Court will consider the State's arguments when it evaluates the weight to assign to the evidence presented in Plaintiff's motions for preliminary injunction and summary judgment. The lack of Montana specific data goes toward the weight of the Plaintiffs' constitutional challenge, rather than the admissibility of Plaintiffs' experts.

The State also attacks Saunders's report. The State alleges Dr. Saunder's report conflicts with a previous report prepared by Saunders for Idaho authorities

5

in *Idaho Republican Party v. Ysursa*, 765 F. Supp. 2d 1266 (D. Idaho 2011). For example, the State points to Saunders report in *Ysursa* which states that "crossover voting is rarely a hostile act; instead it is a sincere expression of democratic preferences." (Doc. 87-2 at 49.) The State alleges that Saunders fails to include these points in his report prepared for this case. The State also points to the portion of Saunders's *Ysursa* report that criticizes the Idaho Republican Party's method used to collect survey data. (Doc. 87-2 at 54.) Saunders used no survey of any kind when he prepared his report for this case. The State reasons that the inconsistencies between the two reports submitted by Professor Saunders invalidate his current report.

The Court will not "exclude [the Party Experts'] opinions merely because they are impeachable." *Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 737 F.3d 960, 969 (9th Cir. 2013), *cert denied*, 134 S. Ct. 644 (2013). The State has had the opportunity to attack the credibility of Party Expert's opinions through review of the Party Experts' written disclosures and the depositions taken of the Party Experts. The State has submitted its own expert report which attacks the credibility of the Party Expert's report. The State will have another opportunity if this action proceeds to trial to cross-examine the Party Experts' in an effort to undermine the validity of their methodology and conclusions.

**B. Relevance**

The proponent of evidence must show, in addition to reliability, that the proposed evidence "logically advances a material aspect of the proposing party's case." *Daubert II*, 43 F.3d at 1315. Saunders opines that MEA-MFT's speech potentially could influence a Republican candidate's messaging. The State challenges the relevancy of the political speech by MEA-MFT. The State alleges that the MEA-MFT speech merely proves that MEA-MFT encourages people in their union to vote. The State argues that Plaintiffs have failed to show that the speech has actually affected a primary election.

The Federal Rules of Evidence do not intend the trial court's role as gatekeeper to serve as a replacement for the adversary system. Fed. R. Evd. 702 Advisory Committee's Note, 2000 Amend. (quoting *United States v. 14.38 Acres of Land Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996)). A party may attack "shaky but admissible evidence" through "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 596 (1993). The State has had the opportunity to attack the credibility of Plaintiffs' evidence through depositions, briefing, and expert reports of its own. If this action proceeds to trial, the State will have the opportunity through cross-examination to challenge the validity of the Party Experts' reliance on the effect of MEA-MFT political

speech on Republican candidates. This evidence satisfies the low threshold posed by relevancy at this point in the case.

**IT IS ORDERED** that the Defendant's Motion to Strike Opinions of Plaintiff's Expert Witnesses (Doc. 85) is DENIED.

DATED this 24th day of November, 2015.

_____
Brian Morris
United States District Court Judge