IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RAVALLI COUNTY REPUBLICAN CENTRAL COMITEE, et al., | CV-14-58-H-BMM |
| Plaintiffs, | |
| v. | |
| LINDA McCULLOCH, in her official capacity as Montana's Secretary of State, *et al.*, | ORDER |
| Defendants. | |

The Court denied Plaintiffs' Motion for Summary Judgment and Motion for Preliminary Injunction (Doc. 114), on December 14, 2015. Plaintiffs appealed denial of preliminary injunction. (Doc. 115.) Plaintiffs have filed a Motion for Injunction Pending Appeal (Doc. 118), pursuant to Rule 62(c) of the Federal Rules of Civil Procedure and Rule 8 of the Federal Rules of Appellate Procedure. Plaintiffs base their motion on the same grounds that they provided in their Motion for Preliminary Injunction. (Doc. 70.)

## I. Discussion

District courts "may suspend, modify, restore, or grant an injunction" when an "appeal is pending an interlocutory or final judgment that grants, dissolves, or denies an injunction." Fed. R. Civ. P. 62(c). Courts use the same standard to

1

evaluate motions for preliminary injunction and motions for injunction pending

appeal. *Alliance For the Wild Rockies v. Kruger*, 35 F. Supp. 3d 1259, 1263 (D.

Mont. 2014). The Supreme Court has clarified that to obtain an injunction the

plaintiffs must establish that (1) the plaintiff likely will succeed on the merits, (2)

the plaintiff likely will suffer irreparable harm in the absence of preliminary relief,

(3) the balance of equities tip in the plaintiff's favor, and (4) an injunction serves

the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20

(2008).

The Court provided a comprehensive review of the case law concerning a

party's First Amendment right to associate and primary elections as well as a

detailed analysis explaining its ruling in the December 14, 2015, order. The Court

will not repeat that reasoning here. The Court, for the same reasons stated in its

December 14, 2015, order, determines that Plaintiffs have failed to show that they

are likely to succeed on the merits, or that a preliminary injunction would be

necessary to prevent irreparable harm.

Plaintiffs have challenged Montana's open primary requirement as

unconstitutional. (Doc. 1.) Montana's open primary system allows a person to vote

without being "required to declare publicly a party preference or to have that

preference publicly recorded." *Democratic Party of the U.S. v. LaFollette*, 450

U.S. 107, 111 n.4 (1981); *See* Mont. Code. Ann. 13–10–601. Plaintiffs argue that

Montana's open primary inflicts First Amendment injuries upon them by forcing

them to associate with non-Republican voters. Plaintiffs allege that non-

Republican voters may vote strategically in a closely-contested Republican

primary race instead of a run-away Democratic primary race in order to elect a

Republican candidate whose views are more centrist than those of the party base.

This strategic voting represents a phenomenon described as "crossover voting."

Plaintiffs assert that Montana's system as applied to the Republican Party inflicts

First Amendment injuries by preventing Plaintiffs from identifying their members,

affecting election outcomes, and changing campaign messaging by candidates.

A party generally must develop an evidentiary record to prove that a voting

system imposes a severe burden on their associational rights. *Democratic Party of

Hawaii v. Nago*, 982 F.Supp.2d 1166, 1177 (D. Haw. 2013). Plaintiffs have failed

to develop an evidentiary record that establishes that Montana's open primary law

imposes a severe burden on their associational rights. The State must show only an

"important regulatory interest" when a law imposes a "less than severe burden."

*Clingman v. Beaver*, 544 U.S. 581, 586 (2005).  The Court cannot yet determine

from the evidentiary record what level of burden, if any, the open primary system

imposes on Plaintiffs' associational rights. Plaintiffs cannot show that they are

likely to succeed on the merits without an evidentiary record that shows Montana's

open primary law severely burdens their associational rights. *Nago*, 982 F. Supp. 2d at 1177.

Factual questions remain regarding whether any non-Republicans actually have voted or can vote in the Republican primary. The State argues that a voter affiliates with the Republican Party when the voter selects the Republican primary ballot. The Supreme Court has recognized that "anyone can join a political party merely by asking for the appropriate ballot at the appropriate time." *Clingman*, 544 U.S. at 591 (citing *California Democratic Party v. Jones*, 530 U.S. 596 (2000) (Stevens, J., dissenting)). Plaintiffs have not developed a record that shows a voter who selects the Republican primary ballot, and foregoes the opportunity to vote for candidates of any other party, fails to qualify as a Republican. *Cf. Jones*, 530 U.S. at 570-79. Plaintiffs have failed to prove that they are likely to succeed on the merits.

Plaintiffs also have failed to establish that a preliminary injunction would be necessary to prevent irreparable harm. A court typically grants a preliminary injunction when the plaintiff presents an urgent need for speedy action to protect the plaintiff's rights. *Lydo v. Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984). The Court attempted to address Plaintiffs' claims in a timely manner due to the importance of the issues raised. Plaintiffs' conduct, discussed in the December 14, 2015 order, did not expedite the process. Any need for a speedy

decision in this matter, arises, at least in part, from Plaintiffs' conduct during the course of this litigation.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Injunction Pending Appeal (Doc. 118) is **DENIED**.

DATED this 21st day of January, 2016.

_____
Brian Morris
United States District Court Judge