# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| RAVALLI COUNTY REPUBLICAN CENTRAL COMITEE, GALLATIN COUNTY REPUBLICAN CENTRAL COMMITTEE, SANDERS COUNTY REPUBLICAN CENTRAL COMMITTEE, DAWSON COUNTY REPUBLICAN CENTRAL COMMITTEE, STILLWATER COUNTY REPUBLICAN CENTRAL COMMITTEE, RICHLAND COUNTY REPUBLICAN CENTRAL COMMITTEE, CARBON COUNTY REPUBLICAN CENTRAL COMMITTEE, FLATHEAD COUNTY REPUBLICAN CENTRAL COMMITTEE, MADISON COUNTY REPUBLICAN CENTRAL COMMITTEE, BIG HORN COUNTY REPUBLICAN CENTRAL COMMITTEE, MONTANA REPUBLICAN PARTY<br><br>   Plaintiffs,<br><br>v.<br><br>LINDA McCULLOCH, in her official capacity as Montana's Secretary of State, *et al.*,<br><br>   Defendants. | **CV-14-58-H-BMM**<br><br><br><br>**ORDER** |

## I. Background

The County Committee Plaintiffs ("Central Committee") have moved the Court for an order dismissing this action with prejudice. Central Committee requests that the Court allow them to reserve the right to preserve its appeal of "all interlocutory rulings by this Court." (Doc. 138 at 3.) Central Committee and Plaintiff Montana Republican Party (the "Party) already have filed a notice of appeal from the Court's orders denying their motion for a preliminary injunction. Central Committee and the Party also filed with the Ninth Circuit a motion for an injunction pending appeal pursuant to Federal Rule of Appellate Procedure 8(a)(1)(C). The Ninth Circuit denied the motion. (Doc. 129).

The Party takes no position on Central Committee's motion to dismiss. The State opposes the motion.

## II. Discussion

A district court should grant a motion for voluntary dismissal unless the defendant shows that it will suffer some plain legal prejudice. *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). The State argues that it will suffer legal prejudice as a result of Central Committee's reservation of appeal. The State cites to the fact that discovery has closed in this action. The State argues that Central Committee should not receive the benefit of avoiding trial and presenting their case to the Ninth Circuit.

2

Central Committee has appealed the Court's order denying its motion for a preliminary injunction. Central Committee sought to prevent application of Montana's open primary law to the 2016 election. The record on this matter had been developed fully at the time that the Court issued its order on December 14, 2015. (Doc. 114.) The Ninth Circuit would resolve this appeal based on the record developed in this case as of December 14, 2015.

The Ninth Circuit has recognized that uncertainty resulting from the threat of future litigation does not amount to plain legal prejudice. *Id*. Likewise, it seems uncertainty resulting from the threat of an appeal should not amount to plain legal prejudice. The Ninth Circuit looks favorably on permitting appeals from voluntary dismissals with prejudice as it promotes judicial economy. *Concha v. London*, 62 F.3d 1493, 1508 (9th Cir. 1995). The Ninth Circuit has allowed plaintiffs to appeal voluntary dismissals with prejudice in cases where the plaintiff did not move to dismiss the action pursuant to a settlement agreement. *Id*. at 1507. "A voluntary dismissal with prejudice permits the appellate court to review the action of the district court that the plaintiff believes to be determinative of his claim— the action that caused him to dismiss his case." *Id*. at 1508. The Court does not find merit in the State's claim that the potential of an appeal creates plain legal prejudice.

The State suggests that a voluntary dismissal may be appealed only when a stipulation exists between the parties for dismissal with preservation of the right to

appeal. The State cites to *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061 (9th Cir. 2014), in support of this proposition. The Court in *Berger* denied Berger's motion for class certification. *Id*. at 1064-65. Berger then stipulated with Defendant Home Depot to dismiss the action with prejudice. *Id*. at 1065. Berger noted his intent to appeal the denial of class certification in the stipulation. *Id*.

The parties in *Berger* did not stipulate to preserve *Berger's* right to appeal the denial of class certification as the State suggests. In fact, the defendant disputed Berger's ability to appeal. *Id*. The district court dismissed the action. *Id*. Berger appealed. *Id*. The Ninth Circuit nevertheless determined that the dismissal qualified as an appealable final action based on the fact that the district court had dismissed the action with prejudice. The Ninth Circuit heard the appeal. *Id*.

The State also argues that dismissal with prejudice of Central Committee's claim does not represent a sufficiently adverse action for the purpose of the voluntary dismissal appeal standard. A voluntary dismissal without prejudice does not represent a sufficiently adverse action when the plaintiff still can seek an adjudication of the issue at another time. *Concha*, 62 F.3d at 1507. A plaintiff who files a motion to dismiss with prejudice, however, submits to a judgment that serves to bar his claims forever. *Id*.

The State argues that the action should not be considered adverse to Central Committee when the Party may be able to bring the same claims in the future. The

Party has sought dismissal *without* prejudice. The State argues that the Party's potential future claims would subsume the Committee's interests. The Court agrees that Central Committee would stand to benefit collaterally if the Party re-filed the action and succeeded in its efforts to invalidate Montana's open primary. This collateral relief does not diminish, however, the dismissal's adverse effect on the Central Committee. Central Committee will forfeit its rights to relitigate this matter on the existing record developed by the parties regardless of the Party's decisions. A dismissal with prejudice as to County Committee meets the adversity requirement for an appealable judgment.

**IT IS ORDERED** that the Motion of the County Committee Plaintiffs for Dismissal with Prejudice (Doc. 137) is **GRANTED.** The Clerk of Court is directed to enter Judgment accordingly.

DATED this 2nd day of May, 2016.

*/s/ Brian Morris*
Brian Morris
United States District Court Judge

5